UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 3:10-CR-025-04 |
| | ) | Judge Phillips |
| SAMANTHA PATE | ) | |

## **MEMORANDUM AND ORDER**

This matter is before the Court on the defendant's *pro se* motion for early termination of supervised release [Doc. 104]. In support of her motion, defendant states that she has completed over half of her term of supervision and she done everything that she has been expected to do. The defendant is expecting a child due August 3, 2016, and she is "beyond ready to put this behind me and move forward with my life."

The Probation Office agrees that defendant has completed two years of her three-year term of supervised release and there have been no major issues of non-compliance. The defendant has maintained stable employment during her supervision and is currently on maternity leave pending the birth of her child. The defendant presently resides with her boyfriend and her son. The defendant has submitted several drug screens while on supervision and all have been negative, including the most recent test on May 6, 2016. The defendant has incurred no new arrests. The defendant did receive a citation in Cumberland County, Tennessee, in June 2016 for allowing an unlicensed driver, her boyfriend, to drive. The defendant promptly reported this information to her supervising probation officer. Further, the supervising probation officer does not oppose the defendant's request for early

termination of supervised release.  Similarly, the government has advised the Court that it does not oppose the defendant's motion for early release.

Defendant pleaded guilty to and was sentenced to one count of distribution of a mixture and substance containing a detectable amount of cocaine base, also known as "crack," a Schedule II controlled substance, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C).  On April 2, 2013, defendant was sentenced to a term of imprisonment of 30 months and a three-year term of supervised release [Doc. 99].

After considering the factors set forth 18 U.S.C. § 3553(a), the Court may terminate a term of supervised release and discharge the defendant after the expiration of one year of supervised release if the Court "is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice."  18 U.S.C. § 3583(e)(1).  After carefully considering the requirements of the statute, the Court finds the relevant portions of 18 U.S.C. § 3553(a) support an early termination of defendant's probation.  In support of this determination, the Court notes that defendant has completed over half of her three-year term of supervised release; she has been in compliance with the conditions of her supervised release with the exception of her citation in June 2016; she maintains steady employment and an independent, stable residence.  In addition, her supervising probation officer recommends early termination and the government does not oppose the request.  It appears to the Court that defendant has rehabilitated herself and she poses no threat to any individual or the community to reoffend.  Accordingly, pursuant to 18 U.S.C. § 3583(e)(1), based on the defendant's conduct and the interests of justice, defendant's motion for early

termination of supervised release [Doc. 104] is **GRANTED.** Defendant's term of supervised release is **TERMINATED.**

    **IT IS SO ORDERED.**

                           s/ Thomas W. Phillips
                           SENIOR UNITED STATES DISTRICT JUDGE